*2 OPINION of the Court, by
Cb.Bovxe.
Rum-sey being indebted to Rcnnick and others, citizens! of Virginia, conveyed a tract of land lying in Mnn« roe coimty 0f that state, to trustees, who are; also citi-zens of that state, for the purpose of securing the pay-ment of those, debts.. The debts thus secured not being paj¿ aj- time appointed in the deed of trust, the land sold at public auction at Greenbriar court house, and Rcnnick became the purchaser; at a very inade-qUate price, and for much less thanwassuificient to sa-tisfJ t5ic ⅛!⅛;- For the balance due to Rennick, he assigned Rumscy’s obligation to Bel she, who brought §⅛⅛⅛ the Christian circuit court, and obtained judgment atiaw. To injoin proceeding upon which, Rumsey flled this hill, making the trustees and creditors defend *3 ¿ants, alleging- the sale to he fraudulent, and praying for relief.
‘The «editors, ligation ir.cend. ect to be iecured by the (ruft, to B, or Virginia, who lued ia t'uftrc*ana ef~ whole debt was fulh Kentucky and
the debto/ex-hibited his bill ⅜*
£he purchafcr offers to recon. Te>» on bcins Evinced. Ty him.
-Rrpw, that weV'n^" guilty 'of "°* fraud in the íale* Jet the fng'áíied ull ¡fairly, ought to be. he!d t0 tbe ⅛ «convey /the fftate uP°n be-⅛, ⅛⅛⅛’
-But as the land anA ⅛.⅛ the flare of Ken eoS not make a pofiove decree (⅛* rec»n. foouid” ’in ofo theU judgment ttntü fuch re te itiitd™ r eo ere, c.
*3 On a final hearing, the circuit court decreed that the judgment at law should be perpetually injoined j to reVerse which this writ of error is prosecuted. '
. ¡The evidence m the canse is certainly not sufficient to warrant the:imputation of fraud to the trustees. They do not, however, seem to have been sufficiently attentive to the interest of Rumsey; for whom, as well as for the creditors, they are trustees. 5CV eral appointments to sell at Munroe court house, within a few miles of which the land lies, were made, and no sale was attempted, nor any. cause assigned for not doing so.
These failures were naturally calculated to discourage tkosfi disposed to purchase, from attending at future appointments to sell, and thereby to depreciate the price for which the land might have been sold. The place too, where the sale, was ultimately effected, being at a considerable distance, and in a different county from where the land lies, mast in the nature of things had a tendency to produce.the same effect. This .effect was evidently not only desired by Rennick, but artfully furthered and promoted by Aim, in soliciting and obtaining, under specious pretences, an agreement with the other creditors* not to bid against each other. Combined with the great inadequacy of tlic price for which the landsold, these circumstances, ifnotsufficient in themselvesto set a-sidethe salegare at least sufficient to hold Rennick to the offer made in his answer, to reconvey tbe land to Rum-sey, upon being paid his debt and the money he advanced to the other creditors; and such ought to have been the relief granted, if thq court had possessed the power Of enforcing it.
But it is urged that the court were not only incompetent to do this, but that they had no jurisdiction of the case; as both the land, and Rennick; who holds.the title, are without the limits of this commonwealth. There is. toó doubt that the court could not act either in rem or in ■personam, neither being within, its jurisdiction ; and 1 therefore a decree intended directly to operate upon ei-therwonldbe useless and nugatory. But the court uto--questionably' has jurisdiction of the judgment * at law, and may restrain its collection until Rennick shall do what is equitable.. Instead, however, of at once making ' ib® «¡junction perpetual; the court should have decreed *4 that Rennick should recopvey the land to Rumsey, upon the latter paying the amount of the debt he contracted to pay to Rennick, and the sums Rennick advanced to the other creditors, \vith interest thereon, allowing Ren - nick a reasonable time to do so ; and if he should fail to make the conveyance, then the injunction should be made perpetual ; but if he should tender a sufficient r'im'eyar.('r, and Rs nc ey should fail or refuse to make payment aforesaid, then the injunction should be disSolved.
^ie ^ecree most be reversed with costs, and the cause j.enian(je(j ⅛0 p},e inferior court, that a decree may be entered in conformity to the foregoing opinion.