Chief'Justice Robertson
delivered-the Opinion, of the Court.
Allan gave to Woodward a covenant for a conveyance a traet 0f iand? and for restitution of the consideration, with interest, “if the land should be lost.”
This suit is brought by Woodward, for damages for an alleged breach of the covenant; and the breach assigned, is that he had been evicted by a person holding “a superior and better title than the one-sold by. the defendant.'7'
Upon the trial, on- issues involving the fact of eviction,, the Court, on a demurrer to the testimony, decided against the plaintiff; and that judgment is now questioned.
If it be- admitted, that a covenant to be responsible “if the land be lost,” is tantamount to a covenant of gener£h warranty, and that, therefore, an eviction would be-indispensable to the plaintiff’s right to maintain this. action, still we are clearly of the opinion, that he proved, on the trial, every fact that was necessary to entitle-him to a judgment.
He exhibited a judgment of eviction in an action of ejectment; and proved, that the defendant, as well as himself, was a party to the ejectment; that the judgment was for the land embraced by the covenant; and that he had, after the judgment, surrendered to one of the lessors, and leased the- land from him. .
The judgment gave the lessors a right to enter, and if they, or either of them-, did enter, without a writ of haberefacias, there was an eviction both legal and actual. But the judgment alone, without any other-fact,, was sufficient evidence of eviction. It was the plaintiff’s duty, after . , . , , , . 1 . , judgment, to yield the possession; he had no right torCsist; and therefore,, the judgment itself was a virtual . . 7 j o eviction. Radcliff vs. Ship, Hardin, 293.
Where the declaration upon a warranty oftitle, o'r covenant fora conveyance, alleges, that there has been an eviction, by the holder of an adverse,, superior title— there is a sufficient assignment ofabreachinthat. respect; no express averment, that the superior title existed before the date of the warranty, is necessary,where; it appears that it was adverse— not derived from plaintiff himself. The declaiation here avers, that, the land was lost by “a superior- and better title than theonesold by the defendant,” and is held to be cl early good
But the counsel for the defendant insist, that the declaration is fatally defective, even after verdict, in not averring that the judgment of eviction was upon a title acquired prior to the date of the covenant, and they have called the attention of the Court to the case of Stephens vs. Puttie, 3 Bibb, 117. The principle recognized in that case is well understood and established. But, though it was properly applied then, it has no application to the declaration in this case. The averment as to the judgment of eviction in that case, was merely that there had been a judgment in an action of ejectment, and the Court correctly decided, that such an averment was insufficient, because it did not show that the judgment was rendered on a title adverse and paramount to that respecting which the warranty had been made. The Court did not so decide in express and direct terms, but it should be understood as intending nothing else, by declaring that the declaration should aver that “the person evicting had lawful title before or at the date of the grant to the plaintiff,1” Such an averment was required in that case, only for the purpose of showing that the title of the evictor was adverse and superior to that of the vendor of the person evicted. For the Court said that, without that, or some other averment importing that the successful party in theejectment recovered upon an adverse title, his title, though superior, might have been acquired after the date of the covenant of warranty and from the covenantee himself. It would be unreasonable to presume that the Court intended to be understood in any other sense — as the authority (Wotton vs. Hele, 2 Saund. 178,) cited in support of the opinion, will show — and as is manifest also, from the following language at the close of the opinion:— “ the declaration should contain an allegation that the “ person evicting had lawful title before or at the date of “ the grant to the plaintiff, or some other averment from “which it would be evident the claim under which the “ eviction was had, is adverse and superior to that granted “ the plaintiff1” And the latter branch of this quotation is abundantly sustained by reason, practice and authority. Kirby vs. Hansaker, Cro. Jac. 315; Wotten vs. Hele, 2 Saund. 180.
Wammtororco. eluded by notice of the suit by which the land was lost.
The decision belowr’r77 a ^ dence,erroneous, enter^jhí'ment forthe other party"
' A general warranty of title is a covenant against a lawful, not a wrongful, eviction. And an averment of any facts that will show that there had been such an eviction, will be sufficient in a declaration on the covenant. In the cases just cited, it was decided that, though an averment simply that there had been a lawful,sviction would be insufficient, yet it might be good if coupled with the additional averment that the title of the evictor was older than that of the plaintiff; because the latter averment would not allow the presumption, that the title had been'acquired from the plaintiff himself, and would show that it was adverse. If such an averment would show a breach. of the covenant, a fortiori, it would be sufficient to aver that the judgment of eviction was rendered on a title superior and adverse to that of the cove, nantor, and such is the averment in this case. The declaration is therefore clearly good.
And, as the defendant had notice of the pendency of the ejectment, the judgment concluded him as to the title- and therefore no other proof of the adverse title ... was necessary on the trial.
We are, therefore, of the opinion that the judgment on the demurrer to the evidence ought to have been for the plaintiff.
Wherefore the judgment is reversed, and the cause remanded with instructions to render a judgment for the plaintiff on such demurrer.