### JOB S. ARNOLD *v.* WILLIAM MAIDEN.

**Breach of Warranty of Title.**

No breach of the covenant of warranty of title can occur until there has been an eviction, and before one can recover on account of such breach he must aver and prove that he has been evicted.

#### APPEAL FROM OHIO CIRCUIT COURT.

#### April 17, 1879.

OPINION BY JUDGE PRYOR:

We do not understand that, in a case where the vendee enters under a conveyance either with a general or special warranty of title, a breach occurs until there has been an eviction. The contract or deed may be cancelled upon a proper state of pleading alleging a want of title, fraud, etc., on the part of the vendor, but here there is an effort to recover on the covenant of warranty upon the idea that the appellee has been ejected from the premises by reason of a paramount title. The fair construction of the breach alleged is that a third party held a lien on the land for the purchase-money, and a judgment having been rendered to sell, it amounts to an eviction. The answer denies that there has been an eviction, and the mere fact that a lien is about to be enforced is not a breach of the bond or an eviction. The vendor may pay the purchase-money or remove the encumbrance. What the record enforcing the lien may show does not appear, but it is certain that the appellee is still in possession so far as this record shows under the title acquired from the appellant. There is no allegation that the appellee has been evicted from the premises, and before an action can be maintained where there is a warranty of title there must be an eviction.

The judgment is *reversed* and cause remanded with directions to sustain the demurrer to the petition with leave to amend.

*Mc Henry & Hill, William Lindsay, for appellants.*

*Walker & Hubbard, for appellee.*