CASE 14—PETITION EQUITY—MARCH 8.

## Jones, &c., v. Jones, &c.

APPEAL FROM BATH CIRCUIT COURT.

1. BREACH OF WARRANTY OF TITLE.—To enable a vendee to recover for the breach of a general warranty of title to land he must allege and prove that he has been evicted by one having the lawful title, or a title paramount to that derived from his vendor, unless he gave notice to his vendor of the adverse claim and called upon him to defend the title. It is not sufficient to allege merely that the plaintiff has been evicted and that the title conveyed to him has failed.

2. SAME.—It is no defense to such an action that the plaintiff knew the title was defective when he purchased.

HENRY L. STONE AND J. S. HURT FOR APPELLANT.

To recover for the breach of a general warranty to land the vendee must allege and prove that he has been evicted by one having superior or paramount title to the vendor; unless he gave notice to his vendor of the adverse claim and called upon him to defend the title. (Stephens v. Pattie, 3 Bibb, 117; Bedell v. Lewis, 4 J. J. M., 568.)

Jones, &c., v. Jones, &c.

W. H. HOLT AND V. B. YOUNG FOR APPELLEE.

To entitle one in case of eviction to recover against his grantor on a general warranty it is necessary only to allege that the evictor had the title at the date of the grant; and the allegation in the petition "that the title to said land so conveyed to him, as aforesaid, having failed to this extent" (having alleged a recovery by another) is sufficient. (Stephen v. Pattie, 3 Bibb, 117.)

CHIEF JUSTICE PRYOR DELIVERED THE OPINION OF THE COURT.

This is an action involving an alleged breach of warranty by the ancestor of the appellants in the sale and conveyance of a tract of land in the county of Bath to the appellee. The case was heard on the equity side of the docket, and a judgment rendered against the appellants to be levied on assets descended, and from which they prosecute this appeal. There was a covenant of general warranty contained in the deed, for the breach of which the action was instituted.

The appellants filed a general demurrer to the petition that was overruled, and this is the first error complained of. It is alleged by the appellee, after reciting the deed or the covenant, that Tydings' heirs, by an action in the Bath Circuit Court, recovered a judgment against the plaintiff for seven-ninths of the land conveyed by the deed, and by reason thereof the covenant of warranty had been broken to the extent of seven-ninths of said tract, and the plaintiff ousted of possession under the judgment on the — day of —; therefore he sues for the recovery of six thousand eight hundred and twenty-six dollars, with interest, etc., the title to said land *so conveyed to him having failed to that extent.*

The objection urged to the petition is, that the

plaintiff fails to allege that the recovery was by a paramount title or by one having the lawful title, while the appellee maintains that the statement that the title of his vendor failed to the extent of seven-ninths of the land, is equivalent to saying that the party evicting him had the superior title. The want of title in the vendor of the appellee is no evidence of title in the party evicting him. This title may have been defective, and still the title of the party suing him equally so, or the party evicting may have entered under the appellee, or the latter permitted a recovery when he could have defeated the claimant.

We understand the rule to be, that where there is a breach of the warranty of title, the vendee to recover of his vendor must allege and prove that the eviction was by one having the lawful title, or a title paramount to that derived by the vendee from his vendor. This is indispensable to a recovery for the breach, unless the vendee has given notice to his vendor of the adversary claim and the pendency of the action, calling upon him to defend the title as he has agreed to do. When such a notice is given and averred, it dispenses with the further averment of a recovery by a better title. An allegation of a defective title in the vendor with his vendee in possession, or the want of title to the land, will not authorize the vendee to sue until he is evicted by a paramount title. What is necessary to be alleged is required to be proven, and the court will not imply a better title in the party recovering than that of the one in the possession, upon the naked statement that the latter's title failed or that of his vendor. This doctrine is elementary.

In Booker v. Merriwether, 4 Littell, 213, this court, in discussing the evidence necessary to recover on a breach of covenant as to title, held "that the evidence was insufficient, and to entitle Merriwether to recover *he must show that he lost his land by a paramount title.*" In the case of Patton v. Kennedy, 1 A. K. Marshall, 389, the covenant of warranty was against *all persons claiming under the title of Andrew Monroe*, and the breach was an eviction under an ejectment by one claiming title under Andrew Monroe. In this case it was held that the averment as to the breach was sufficient, it being a special or particular covenant against the acts of those named. An averment that the eviction was had by one claiming under Monroe was sufficient; but where an action is brought on a general covenant of warranty, it is necessary to allege that the eviction was under an adverse paramount title, or that the eviction was a lawful one. Whether the eviction was by a superior title is a question for the jury, and the fact of the ouster under a judgment does not settle the vendee's right to recover from his vendor. In Stephen v. Pattie, 3 Bibb, 117, it was held that in an action on such a covenant "the declaration should contain an averment that the person evicting had lawful title at or before the grant to the plaintiff, and the failure to make such averment is error after verdict." To show clearly the breach assigned comes within the covenant, "the declaration should contain an averment that the person evicting had lawful title at the date of the grant to the plaintiff, or some other averment from which it would be evident the claim under which the eviction was had is adverse and superior to that granted the plaintiff."

The fact of the recovery, and that the title of the vendor failed, is not equivalent to saying that the evictor's title was adverse and superior to the title of the plaintiff; if so, the averment of the recovery is sufficient, for that implies, in one aspect of the case at least, that the trial court thought the title of the adverse claimant was superior to the title of the one in possession. In Fowler v. Chiles, 4 J. J. Marshall, 504, it is said, "that a legal eviction is indispensable to the existence of a good cause of action on the covenant. If the defendant in error had been in possession of the land he could not maintain this action until he had been evicted by the judgment of a competent court founded on title paramount to that of the plaintiff in error." We think it manifest, therefore, that a recovery of the vendee, or a statement that his title failed in an action against him by another for the land, is not equivalent to an averment that the claim was adverse, and the title of the party recovering superior to that of the plaintiff.

The answer is as defective as the petition, save the pleader studiously avoids alleging that the title of their ancestor was superior to that of the party recovering from the plaintiff. It avers that the title of their ancestor was defective, and so known by the appellee when he purchased. This is no defense to the action, but the petition being defective, no recovery can be had upon it.

As this case must go back, it is proper to suggest that the judgment is to be made of assets descended, and, therefore, the value of the land recovered by each child is not involved, nor can it affect the question of

contribution between them.   The attention of the court
is also called to the cross-complaint of the appellee
made in this court, in which it is claimed that he has
been made to account twice for his proportion of the
recovery; his part being deducted first from the
amount he was entitled to recover, and then his in-
terest in the land owned jointly with the others sold
to satisfy his own claim.   If this be so, it is error.

We perceive no error in the judgment as to the
claims of the heirs by reason of the alleged indebted-
ness to their common ancestor, nor is there any thing
in the record upon the question of mental incapacity
that would defeat the recovery.   The judgment, how-
ever, being reversed because no cause of action is
stated, leaves those questions open, and the sugges-
tions are only made to prevent further litigation in
the absence of additional testimony.

The judgment is reversed and cause remanded, with
leave to the plaintiff to amend his petition on the
return of the cause, and for further proceedings con-
sistent with this opinion.

Judge Holt not sitting.