CASE 9—PETITION EQUITY—MARCH 16.

# Elliott v. Saufley.

### APPEAL FROM LINCOLN CIRCUIT COURT.

1. ASSIGNMENTS BY OPERATION OF LAW.—A creditor, having a valid lien upon the property of his debtor, cannot be prejudiced by a conveyance by the debtor made in contemplation of insolvency, and with a design to prefer one creditor to the exclusion of others; and, therefore, is not concluded by a proceeding under the statute, unless he is made a party and served with process.

2. LIMITATION—WRITTEN CONTRACT.—The acceptance of a deed by the grantee and the possession of the land under it operate as an agreement on his part to pay the purchase price recited in the deed, and an action therefor is founded upon "a contract in writing," within the meaning of the statute of limitations.

3. VENDOR AND VENDEE—WARRANTY.—To enable the vendee of land to maintain an action on a covenant of warranty, all that is necessary for him to allege and show is, that he has lost the land under a judgment of eviction in an action to which the vendor was a party, or of which the vendor had notice.

   In this action upon a covenant of warranty, it appears that the vendor was made a party to the action in which the judgment of eviction was rendered; but, instead of making defense to the merits, he filed a demurrer upon the ground that he was not a proper party, which was sustained. *Held*—That the vendor cannot defeat this action because the vendee failed to defend the action in which the judgment of eviction was rendered, even if it could be made to appear that he might have successfully defended it.

HARRISON & BELDEN FOR APPELLANT.

Brief not in record.

HILL & McROBERTS FOR APPELLEES.

1. Appellant was bound to make defense in good faith to the suit of Nancy Walls and others against himself; or, failing in that, assumed the burden of showing that the title to which he surrendered was actually paramount to that he derived from his vendor. His failure to make defense was at his peril. (Sedgwick on Damages, pp 175–6.)

2. Where land is sold under the judgment of the chancellor in a suit, under the act of 1856, and one of the creditors was not a party, he

Elliott v. Saufley.

cannot, after such sale, even if he had a pre-existing lien on the land, subject the land to the payment of his debt, as the law protects the purchaser at a judicial sale, unless the judgment was void. (8 Bush, 298, and authorities cited.)

Even a valid lien-holder must look to whoever wrongfully got the proceeds of the land.  (Roberts and Wife v. Phillips, 11 Bush, 11.)

3. As it was not necessary, under the act of 1856, to make Nancy Walls and her co-lien-holders parties to the proceedings for the sale of the land, the judgment was as valid, and the purchaser took as perfect a title to the land, as if they had been parties defendant.

4. Failing to file their claims with the commissioner, the creditors not only lost their lien but forfeited their right to share in the proceeds of the land.  (Roberts and Wife v. Phillips, 11 Bush, 11.)

5. If Nancy Walls and her co-plaintiffs ever had any valid lien against Geo. W. Estis for the $509.20, mentioned in the deed from them to said Estis, it was barred in five years from the execution of said deed, as there is no promise in the deed to pay the debt, but merely an acknowledgment of its existence, and no written promise exhibited or set up in the pleadings.  (Prewitt v. Wortham, 79 Ky., 287.)

6. If Nancy Walls and her co-lien-holders had any remedy, it was against the distributees of the sale price of the land, which was paid by Saufley to the court's commissioner.  (Roberts and Wife v. Phillips, 11 Bush, 17.)

7. The fact that appellee, Saufley, was made a defendant in the suit for the enforcement of the lien does not preclude him from making defense in this case.  He had no interest in the litigation, and was not a proper party.  (Civil Code, sections 18, 125.)  In no event could the judgment, enforcing the lien of Nancy Walls and others upon the land sold to Elliott, and Elliott's eviction therefrom, be used to prove any fact in this case, except the mere fact of eviction, even under the old action of ejectment.  (Patton v. Kennedy, 1 A. K. M., 289; Anderson v. Summers, 6 Bush, 423; Booker's Adm'r v. Bell's Ex'r, 3 Bibb, 175.)


CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

In 1872 John W. Estis and others, heirs-at-law of James Estis, conveyed a tract of land, of about thirty-two acres, to Geo. W. Estis, likewise an heir.  And, following a recital in the deed that their father had, in his life-time, sold and given bond to convey the land to Geo. W., upon payment of the purchase price, six

hundred and fifty dollars, of which one hundred and fifty dollars had been paid, and that by a settlement with the county judge he, as administrator of James Estis, was charged with said purchase money, and found indebted to the estate five hundred and nine dollars, was the stipulation that a lien was retained on the land until he settled and paid said indebtedness, to be made evident by a receipt of each of the heirs and grantors, filed in the clerk's office.

In 1878, an action was instituted by one W. M. Estis, a creditor of Geo. W. Estis, in which a judgment was sought and rendered, subjecting his property and effects, as provided in section 1, article 2, chapter 44, General Statutes, for the benefit of his creditors generally, upon the ground he had previously mortgaged said tract of land to one Fair, in contemplation of insolvency, and with the design of preferring him to the exclusion in whole or part of his other creditors.   And, in pursuance of that judgment, the land was sold and purchased by appellee, Saufley, to whom a commissioner's deed therefor was made in 1880, and who sold and conveyed the land, in 1882, to appellant, Elliott.

In the same year, but subsequently, Nancy Walls and others, the heirs-at-law of James Estis, and grantors in the deed of 1872, instituted an action in equity against Geo. W. Estis and others, including appellee, Saufley, and appellant, Elliott, to set aside the sale made to Saufley in the first mentioned action; to enforce their lien, and to subject the land to payment of their debt of five hundred and nine dollars, and interest.   And in 1883 judgment was rendered for sale of the land to satisfy the debt, and

it having been sold, appellant, Elliott, was, in virtue of a writ of possession, ordered in the same action, evicted. Whereupon, he brought this action against appellee, Saufley, for breach of his warranty of title to recover back the purchase money paid to him for the land, and interest from date of eviction, W. G. Welch, who joined in the deed, being also made defendant.

In the answer filed, the allegation of the petition that no valid defense could have been made to the action by Nancy Walls and others, as well as the one that appellant was evicted by paramount title, were denied.

To the reply a demurrer was sustained, followed by judgment dismissing the action. And, as the demurrer had the effect to bring previous pleadings before the court for consideration, the first inquiry is in regard to the sufficiency of the answer, for it seems to us the facts already mentioned, and which were stated in the petition, constitute *prima facie* a cause of action.

In our opinion, as Nancy Walls and others were not parties to the action instituted by W. M. Estis in 1878, the judgment therein rendered did not bind them. For the statute under which the proceedings in that action were had was intended for the benefit and protection of general creditors, as heretofore distinguished by this court from those who, having valid and subsisting liens, can not be prejudiced by a conveyance of the debtor made in contemplation of insolvency, and with a design to prefer one to the exclusion of others. (Brooks, Waterfield & Co. v. Staton's Adm'r, 79 Ky., 174.) And although it is provided such conveyance shall operate

as an assignment and transfer of all the property and effects of the fraudulent debtor, and shall inure to the benefit of all his creditors in proportion to the amount of their respective demands, manifestly it was not intended to thereby impair or lessen the value of a lien or security fairly acquired, or that one holding it would be concluded by proceedings under the statute, without being made a party and served with process. For if it was so, the statute intended to protect *bona fide* creditors against fraudulent sales and conveyances by debtors, would, in many cases, work hardship, and might, in such one as this, be perverted to carry out fraudulent designs of one against another class of creditors.

It was also pleaded in the answer, and is now argued, that the enforcement of the lien of Nancy Walls and others was, when they commenced their action, barred by the five years' statute of limitation. That position rests upon the assumption the action was not founded upon a contract in writing in the meaning of the statute.

It is stated in the deed the land was sold by James Estis, in his life-time, for an agreed consideration, to Geo. W. Estis, who held a title bond, and that, by a settlement of his accounts as administrator in the county court, he was, after being charged with the balance of the purchase money, found indebted to Nancy Walls and others a stated sum, to secure payment of which a lien was reserved in the deed.

It seems to us the right of action in that case was clearly founded on a contract in writing, which not merely created a lien upon the land, but the acceptance of the deed and possession of the land by Geo. W.

Estis operated as an agreement on his part to pay the purchase price.

But whether valid defenses could or could not have been made to the action by Nancy Walls and others, it seems to us is in this action immaterial. For it has been held by this court, and may be regarded as settled, that all necessary for the vendee of land, in order to maintain an action on a covenant of warranty, is to allege and show he had lost the land under a judgment of eviction in an action to which the vendor was a party, or of which he had notice. (Woodward v. Allen, 3 Dana, 164; Beard v. Basye, 7 B. M., 150.)

To the action in which the judgment of eviction was rendered, appellee, Saufley, was a party, and instead of making defense to the merits, he filed a demurrer upon the ground he was not a proper party, which was sustained. It seems to us, therefore, he can not defeat this action upon the ground appellant failed to make defense to that action, even if it could be made to appear he might have successfully defended it; and, consequently, a demurrer ought to have been sustained to the answer.

Wherefore, the judgment is reversed, and cause remanded for further proceedings consistent with this opinion.