## Walker v. Robinson.

(Decided March 18, 1915.)

### Appeal from Fulton Circuit Court.

Covenants—Covenants of General Warranty—Breach by Eviction Under Paramount Title.—In an action to recover damages for the breach of a covenant of general warranty, the plaintiff must allege and prove eviction by paramount title; and whether the adversary title under which eviction is had is paramount must be determined by judicial proceedings, not by the vendee himself; although if an action be brought against the vendee and he give notice to the vendor of the pendency thereof, in a subsequent action for breach of the covenant of general warranty, the vendee need not aver or prove eviction under paramount title; but until there has been an eviction by paramount title, vendee may not sue on the covenant unless the vendor be insolvent or a non-resident, in which event he may sue on the covenant and recover upon proof of outstanding paramount title, although there has been no eviction thereunder.

E. J. STAHR and ED. THOMAS for appellant.

ROBBINS & ROBBINS, B. T. DAVIS and W. B. AMBERG for appellee.

Opinion of the Court by Judge Hannah—Affirming.

On April 21, 1914, C. L. Walker instituted this action against H. D. Robinson in the Fulton Circuit Court. The petition charges that on October 12, 1910, Robinson sold and conveyed to Walker by deed containing a covenant of general warranty, "All that part of the northwest quarter of section sixteen, T. 1, R. 5 W., lying on the north side of the Government Levee," in Fulton County, and placed plaintiff in possession of the land so conveyed, which contained nine acres.

It was further charged in the petition that before the date of the conveyance mentioned, on April 18, 1902, defendant had executed, acknowledged and delivered "to the Board of Levee Commissioners to be appointed by the Fulton County Court of Fulton County, Kentucky, and their successors in office, all land that may be necessary for the construction and maintaining of said levee or such levee that may be established by order of the Fulton County Court, upon or across the following lands in said county owned by me, viz: the northwest quarter of section sixteen, T. 1, R. 5 W., in above county and State. The said Board of Levee Commissioners for Fulton County and their successors in office, to have and to hold said right-of-way for said purpose above mentioned so long as same may be required and used for levee purposes."

A copy of this writing filed with the petition shows that the certificate of acknowledgment is signed by "S. D. Luten," but what his official capacity is, if any, does not appear. He certifies that the writing was acknowledged before him on April 18, 1902. The writing was recorded on March 18, 1912, in the office of the clerk of the Fulton County Court, plaintiff's deed having been executed and recorded October 12, 1910.

The petition further charges "that the Levee Board or successors, in making certain necessary repairs and maintenance to and of the said levee, in pursuance of said prior conveyance and deed to said board, took possession of all or almost the entire portion of land which the defendant had conveyed and warranted to the plaintiff, and made many large and deep excavations thereon, using the soil therefrom to re-construct and maintain the said levee; and plaintiff states that by reason of the said large and deep excavations, in the maintenance of

the said levee, on the said land so conveyed to the plaintiff, the value of the land was and is wholly destroyed; and the plaintiff says that by reason of the said prior conveyance so made by the defendant to the said Levee Board, conveying it and its successors perpetual right to use the said land in constructing and maintaining said levee, the title and use and value of the land so conveyed to the plaintiff is destroyed, and the same is wholly without value to the plaintiff or at all.''

By an amended petition the plaintiff set up that immediately on discovery of the claim and deed to the. Levee Board and when contractors acting under the direction and authorization of the Levee Board entered upon the land and commenced the excavations mentioned, he gave notice to the defendant demanding that defendant protect him according to the warranty, and that defendant failed to do so.

The court sustained a demurrer to the petition as amended, and the plaintiff appeals.

It is well settled in this State that the vendee of land by conveyance containing a covenant ᵃ ᵍᵉⁿᵉʳᵃˡ warranty has no recourse against the vendo, has been an eviction by paramount title; and sary to allege and prove in an action for the such a covenant, that the plaintiff has been paramount title or one having the lawful tit the vendee has given notice to the vendor of the ᵖ ᵤᵈency of the action to evict him and called upon him to defend according to the terms of the warranty, in the event of which notice, the averment thereof together with the averment of eviction is sufficient without charging eviction by paramount title. Jones v. Jones, 87 Ky., 82, 7 S. W., 886, 9 R., 942; Booker's Admr. v. Bell's Exr., 3 Bibb, 173, 6 Am. Dec., 641; Cox v. Strode, 4 Bibb, 4; Gaither v. Brooks, 1 A. K. M., 409; Davenport v. Muir, 3 J. J. M., 210, 20 Am. Dec., 143; Woodward v. Allan, 3 Dana, 164; Elliott v. Sauffley, 89 Ky., 52, 11 S. W., 200, 10 R., 958; Graham v. Dwyer, 29 S. W., 346; Burbank's Admr. v. Burbank, 8 Ky. Opin., 113; Arnold v. Maiden, 10 Ky. Opin., 288; Huff v. Cumberland Valley Land Company, 30 S. W., 660, 17 R., 213; Grant v. McArthur's Exr., 153 Ky., 356, 155 S. W., 732.

In other words, where the vendee gives notice to the vendor that a claimant under a paramount title is in an action attempting to evict him and calls upon the vendor

to defend, and the vendor either defends unsuccessfully, or fails to defend, judgment against the vendee concludes the vendor upon the question of paramount title; and the vendee may recover against the vendor for breach of the covenant of general warranty in such case upon averment and proof of such notice and eviction without allegation and proof that the eviction was had by paramount title.

This general rule, however, is subject to the exception that where the vendor is insolvent or non-resident, action, or defense by way of counter-claim, may be founded upon a breach of the covenant of warranty without allegation or proof of eviction, but upon proof of paramount outstanding title. Knight's Admr. v. Schroader, 148 Ky., 610, 147 S. W., 378; Little v. Bishop, 61 S. W., 464, 22 R., 1747; Merrifield v. Taylor, 8 R., 422.

In some jurisdictions a distinction is made in the matter of eviction, actual eviction being distinguished from constructive eviction. The latter is said to exist when at the time of the conveyance the premises were in possession of an adverse claimant under a paramount title to that conveyed; or where the vendee goes into possession but is forced by the hostile and impending assertion of a paramount right to purchase peace in order to retain possession; and in those States the rule is that the vendee, before he may have recourse on the covenant of general warranty, need not put himself to the expense of litigation, but may surrender to the true owner when the superior title is asserted, although he does so at his peril; and in an action for breach of the covenant of general warranty he has the burden of proving that the adverse title to which he surrendered was valid and paramount to his own. But the doctrine of constructive eviction has never obtained in Kentucky. In this State nothing less than a judgment has ever been held to constitute eviction affording sufficient basis for an action to recover damages for a breach of a covenant of general warranty.

Eviction by paramount title is not constituted within the meaning of the rules stated, by the entry of one claiming under a title which is conceived by the vendee to be paramount. Except in the case of insolvency of the vendor or when he is a non-resident, there must be a judicial determination that the title of such entrant

is paramount to that of the vendee, before the vendee may have recourse on the covenant of general warranty.

If A sells a parcel of land to B with covenant of general warranty, and C enters thereon and cuts the timber and hauls it away, will it be contended that B may sue A for a breach of the covenant of general warranty and recover the value of the timber so cut and removed merely because B conceives the title under which C entered to be valid and paramount to his own? A covenant of general warranty does not protect against every adverse claim which may be asserted, but only against claims asserted and enforced under title paramount to that conveyed.

In the case at bar the writing executed by Robinson to the Levee Board was not acknowledged before an officer authorized to certify acknowledgments of conveyances; it was not recorded in the office of the clerk of the county court until after appellant had bought the land from appellee and recorded his own conveyance; the writing purported to grant a right-of-way for a levee over the land in question only to such extent as might be necessary for the construction and maintenance of a levee thereon. There is no allegation that the excavations made were necessarily made in the construction or maintenance of a levee across or upon the lands in question, and for aught that appears, the Levee Board and its contractors may have exceeded whatever rights were conferred upon them by the instrument in question, if any, in entering upon the land sold and conveyed by appellee to appellant.

If persons who were in fact mere trespassers had entered on the land in question and commenced and made the excavations mentioned, it would not for a moment be contended that redress therefor might be had by an action for alleged breach of the covenant of general warranty; yet appellant seeks in this present action to recover for an alleged breach of a covenant of general warranty without allegation of eviction upon judicial determination of the question of title, but because he himself chose to consider the title and claim of the Levee Board superior to his own. How questionable his estimate of the comparative validity of his title and that of the Levee Board is has already been seen.

The plaintiff having failed to allege an eviction by judicial proceedings and determination, is not entitled

to maintain the action. The only effect of the giving of notice to the vendor, had there been such proceedings, would have been to have made the judgment conclusive upon him on the issue of paramount title.

Affirmed.