## Jones, et al. v. Caldwell and Ford.

(Decided May 29, 1917.)

### Appeal from Laurel Circuit Court.

1. Covenants—Action for Breach—Damages.—In an action for relief for breach of warranty of title it is necessary for plaintiff to both allege and prove eviction by paramount title unless the defendant be insolvent or a non-resident, in which event plaintiff may sue on the covenant and recover upon proof of outstanding paramount title, although there has been no eviction thereunder.

2. Covenants—Action for Breach—Damages.—Where it is necessary to establish eviction under paramount title by judgment, such judgment is not evidence of paramount title in suit brought to recover for breach of warranty, unless the defendant in that suit was either a party to the proceedings for eviction or was served with notice thereof, and in such case the plaintiff in the suit for breach of warranty must allege and prove, independent of the judgment of eviction, the fact of paramount title upon which it was had if the paramount title is denied.

H. C. CLAY for appellants, Jones and Dunnaway's Heirs.

SAM C. HARDIN for John S. Parker.

HAZELWOOD & JOHNSON for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The appellees, T. P. Caldwell and R. C. Ford, who were the plaintiffs below, on May 1, 1894, agreed to exchange a tract of land situated in Laurel county, Kentucky, and containing 219.08 acres, for another tract of 700 acres situated in the same county with one Burrel Hubbard, and on that day prepared a joint deed for all

parties and their wives to sign conveying the 219-acre tract of land to Hubbard and the 700-acre tract to plaintiffs.

In the deed so executed there is this stipulation:

"It is understood and agreed that these lands should there be any defect in title is to be a lien one for the other that is if first tract of 700 acres has not a clear title the 219.08-acre tract is not to pass its title till said defect is secured and the same is to be with the second tract (700) acre tract to be held as a lien. Should there arise any defects with the second tract the parties to this deed warrant and defend the title to the respective tract deed against the claims of any and all persons."

Each of the vendees in that deed took immediate possession of the respective tracts of land, but the deed was not acknowledged by Ford and wife until February 4, 1898, upon which day it was for the first time recorded. In the meantime Hubbard disposed of the entire 219 acres in different parcels, one to appellant, Jones, and others to remote vendors of the other appellants, to all of whom we shall hereafter refer as defendants. The defendants other than Jones procured their title to the portion of the 219-acre tract which they claim after the deed was recorded, but their remote vendors had purchased it before the deed was recorded.

About 1901 plaintiffs sold the timber on the 700-acre tract which they obtained from Hubbard to one Edwards, and while he was engaged in cutting it, Roberta S. Bryant, in 1903, brought suit in the Laurel circuit court to recover damages for the trespass committed in cutting the timber, claiming that she had a superior and paramount title to the land from which the timber was cut, and that she was the owner of it. The suit was brought against plaintiffs and Edwards, and after protracted litigation extending over a period of more than ten years it was adjudged that she was the owner of 538.9 acres of the entire tract of 700 acres, and she was given judgment for two dollars per acre as representing the amount of timber which the defendants in that suit had taken from the land of which she was adjudged the owner. An appeal was prosecuted from that judgment by the plaintiffs herein and it was affirmed in the case of Ford, &c. v. Bryant, 158 Ky. 97. Afterwards, and on September 17, 1914, the plaintiffs brought this suit against Hubbard and appellants here,

setting up the above facts and claiming that under the stipulation in the deed which we have quoted they were entitled to a rescission of the contract, and they asked that the joint deed executed between themselves and Hubbard be cancelled, but if this should not be done that they have a lien adjudged in their favor against the 219-acre tract for the value of the 538.9 acres which they lost to Mrs. Bryant, and the cost of that action and their attorney fee, together with interest on these sums.

Separate answers were filed and in them the averments of the petition were traversed and a plea of adverse possession and reliance upon the statute of limitations was made, and the further plea of estoppel based upon the claim that plaintiffs knew of the respective purchases from Hubbard and stood by and encouraged them and thereby caused Hubbard's respective vendees to make the purchases under the belief that Hubbard had a perfect title.

Replies traversing the affirmative averments of the answers completed the issues, and upon trial the court adjudged that the value of the land recovered by Mrs. Bryant from the plaintiffs was worth, on May 1, 1894 (the date of the deed) $923.83, which, with interest from that date, amounted on May 23, 1916, when the judgment was rendered, to the sum of $2,146.52, and that the attorney fee and cost in the Bryant suit was $401.61, which, with interest up to the date of the judgment, amounted to the sum of $478.13, and rendered judgment giving plaintiffs a lien against the 219.08 acres for the total sum of $2,624.65. A lien was adjudged against each defendant's portion of the 219.08 acres for its proportionate part of the entire sum adjudged, and the land was ordered to be sold to collect it, and from that judgment this appeal is prosecuted. Many questions are presented and ably discussed by counsel for the respective parties, but, according to our view, it will be unnecessary to consider any of them except the one objecting to the judgment because of a want of proof of the paramount title of Mrs. Bryant under which it is alleged she evicted the plaintiffs. So, putting aside all other questions, we will as briefly as possible consider that one.

In the petition, it is alleged, *inter alia,* that Mrs. Bryant in her suit against the plaintiffs "was adjudged to have a title superior and paramount to the title con-

veyed by the defendant, Burrell Hubbard, and his wife, to these plaintiffs to 538.9 acres of said tract of land." And, further, that they lost that much of the land "by reason of the adverse paramount and superior title held to said 538.9 acres by the said Roberta S. Bryant."

The answers denied "that there was in fact any defect in the title to said 700 acres of land or any part thereof, or that said Roberta S. Bryant at any time held a paramount or superior title to any part of said 700 acres of land."

It will thus be seen that the pleadings raise a sharp issue of fact as to whether Mrs. Bryant's title to any part of the 700 acres was paramount to that held by Ford and Caldwell. On the trial of the case the only evidence introduced bearing upon this issue was a portion of the record of the Bryant suit consisting of the pleadings, judgment and mandate from this court. No effort was made by the introduction of any sort of evidence to show the character of title which either party to that suit claimed to the land in litigation therein, or relied upon by the parties in that case, nor is it shown that any of the defendants herein were parties to that suit, or that they were ever notified of its pendency.

Under repeated rulings of this court, and which is now firmly established in the jurisprudence of this state, a defendant in a suit to recover for breach of warranty is not liable unless the plaintiff is evicted by paramount title, which fact must be both alleged and proved where the defendant was neither a party to the proceeding resulting in the eviction, nor had been served with notice of the pendency of that suit. If the defendant in the suit for breach of warranty was a party to the proceeding resulting in the eviction, or was served with notice of that proceeding, he is concluded by the judgment therein upon the question of superior and paramount title, but if he was neither a party to nor had notice of the evicting proceeding, then, in the suit to recover on the breach of warranty, the plaintiff must allege and prove the outstanding paramount title through which he was deprived of the land, and the record and judgment in that case is not sufficient to establish that fact. Booker's Admr. v. Bell's Ex'r, 3 Bibb 173; Cox v. Strode, 4 Bibb 4; Gaither v. Brooks, 1 A. K. Mar. 409; Davenport v. Muir, 3 J. J. Mar. 210; Woodward v. Allen, 3 Dana 164; Jones v. Jones, 87 Ky. 82; Elliott v. Saufley, 89 Ky. 52; Graham

v. Dyer, 29 S. W. R. 346; Burbank v. Burbank, 8 Ky. Opin. 113; Arnold v. Maiden, 10 Ky. Opin. 288; Huff v. Cumb. Valley Land Co., 17 Ky. R. 213; Grant v. McArthur, 153 Ky. 356; Walker v. Robinson, 163 Ky. 618.

In the Booker case (3 Bibb. 173) this court, speaking through Chief Justice Boyle, in announcing the rule just stated, said:

"An eviction may be either with or without the judgment of a court. In the latter case, as there is no record or written evidence of the transaction, it would be absurd to require any other than parol proof of the fact of eviction; but in the former case, the record itself would be the only proper evidence of an eviction; and of that fact it would be in the same degree evidence whether the judgment was obtained after defense made or without defense. But with respect to the title under which the eviction was had, the record would not be evidence against the vendor, whether the judgment was obtained after defense made by the vendee or not; first, because the vendor not being a party to the record, could not be bound thereby; and secondly, because the judgment might have been obtained under a title derived from the vendee after his purchase, against which no defense could have availed. As, therefore, the record of the proceedings is in the same degree evidence of the fact of eviction, whether there was a defense made by the vendee or not, and in neither case can be evidence against the vendor of the other point necessary to be established, namely, that the eviction was had by virtue of a paramount title not derived from the vendee, it is plain that neither the instruction asked nor that which was given was in the slightest degree material."

The rule is fully recognized in all of the cases referred to, and in the more recent one of Walker v. Robinson still adhering thereto, this court, speaking through Judge Hannah, said:

"It is well settled in this state that the vendee of land by conveyance containing a covenant of general warranty has no recourse against the vendor until there has been an eviction by paramount title; and it is necessary to allege and prove in an action for the breach of such a covenant, that the plaintiff has been evicted by paramount title or one having the lawful title, unless the vendee has given notice to the vendor of the pendency of the action to evict him and called upon him to defend

according to the terms of the warranty, in the event of which notice the averment thereof together with the averment of eviction is sufficient without charging eviction by paramount title. (Authorities cited).

"In other words, where the vendee gives notice to the vendor that a claimant under a paramount title is in an action attempting to evict him and calls upon the vendor to defend, and the vendor either defends unsuccessfully, or fails to defend, judgment against the vendee concludes the vendor upon the question of paramount title; and the vendee may recover against the vendor for breach of the covenant of general warranty in such case upon averment and proof of such notice and eviction without allegation and proof that the eviction was had by paramount title."

It would serve no useful purpose, in view of the above excerpts, to encumber this opinion with the utterances of this court found in the other cases referred to, for it will be seen that for a period of more than one hundred years the rule has been consistently followed. The reason for it is abundantly justified by the fundamental principles underlying the law of judgments. To require that the defendant in the suit for breach of warranty shall be concluded by the judgment of eviction upon the fact of the existence of the paramount title upon which it was obtained without his being either a party to that suit or having notice of it would deprive him of his property without his day in court or giving him an opportunity to contest a material fact affecting his rights, and would thereby result in an invasion of his constitutional guaranties. The cases, *supra*, do not require in all cases that the fact of *eviction* shall be proven by a duly rendered judgment, as the breach of warranty suit may be under some circumstances maintained without a judgment of eviction. Knight's Admr. v. Schroader, 148 Ky. 610; Little v. Bishop, 22 Ky. L. R. 1747; Merrifield v. Taylor, 8 Ky. L. R. 422. When the *eviction* is made by a duly rendered judgment it is evidence of that fact in a suit to recover on a breach of warranty although the defendant in the latter suit was neither a party to nor had notice of the former one. Not so, however, upon the question of *paramount title*.

In the instant case, under the issue made by the pleadings upon the question of Mrs. Bryant's paramount title, it was incumbent upon plaintiffs to prove and establish to the satisfaction of the court such paramount title by

facts independent of the record in the Bryant suit. This was neither done nor attempted to be done, and under the doctrine hereinbefore discussed the court should have dismissed the petition. This renders it unnecessary to discuss other questions presented, and the judgment is reversed with directions to dismiss the petition, and for proceedings consistent with this opinion.