## Burchett v. Blackburne.

(Decided March 16, 1923.)

### Appeal from Pike Circuit Court.

1. Covenants—Action Not Maintainable Under Warranty of Title Until After Eviction.—The warrantee under a general warranty contained in a deed may not maintain an action thereon against his warrantor until after eviction by paramount title, unless in exceptional cases.

2. Covenants—Warrantor is Bound by Judgment Against Warrantee if Notified to Defend.—The warrantee against whom an action for eviction is brought may notify his warrantor of the pendency of the action and call upon the latter to defend, in which case the warrantor will be bound by the judgment rendered therein, whether he actually defends or not.

3. Covenants—Warrantee Must Prove Eviction by Paramount Title if he Does Not Notify Warrantor to Defend.—The failure of the warrantee to notify his warrantor to defend an action against the warrantee does not destroy the warrantee's right of action on the warranty, but does place upon him the burden to prove the eviction was by paramount title.

4. Covenants—Petition for Breach of Warranted Title Must Allege Eviction by Paramount Title or Notice to Warrantor to Defend.—

A petition for breach of warranty of title must allege, either that the warrantee was evicted from the premises by paramount title, or else that he gave notice to the warrantor to defend a pending action by which the warrantee was evicted.

5.  Covenants—Knowledge Acquired Otherwise by Warrantor is Not Equivalent of Notice to Defend.—Since a warrantor is concluded by a judgment against his warrantee if he was notified to defend the action against the warrantee thereby implying he was made a party to that action, he must be given direct notice from the warrantee of the pendency of the action, and of his right to defend it, and knowledge of the pendency of the action acquired otherwise than by notice is insufficient to make the judgment binding upon him.

STRATTON & STEPHENSON for appellant.

PICKLESIMER & STEELE for appellee.

Opinion of the Court by Judge Thomas—Sustaining motion for the appeal and reversing the judgment.

On June 12, 1911, appellant and defendant below, W. H. Burchett, sold and conveyed to appellee and plaintiff below, W. C. Blackburne, a tract of land in Pike county containing about forty acres, and in the deed conveying the title there was a covenant of general warranty. On October 25, 1912, plaintiff herein filed an equity action in the Pike circuit court against Kennis Burchett and the heirs of Cal Clark seeking to enjoin them from trespassing on about seven acres of the forty acres which he had purchased from defendant herein. It is alleged that in addition to a traverse the defendant in that suit interposed a counterclaim on the ground that the Clark heirs owned the John King patent and that the seven acres involved in that suit were a part of that patent and that they were, therefore, the owners of it and on that ground defended their alleged trespasses. On June 25, 1916, the court entered a judgment in that case and dismissed plaintiff's petition but entered no judgment as to who was the owner of the seven acres of land involved, except as may be inferentially inferred from the order dismissing the petition. None of the pleadings in that case are made part of the record in this one, and we are unable to say upon what ground or upon the determination of what issue, or character of title, that petition was dismissed. It is alleged, however, in the petition herein that the court found that the Clark heirs were the owners and entitled to the possession of the seven acres

involved therein; but whether they were such owners through a paramount title, or whether the court found and enforced any such paramount title is neither alleged nor proven.

On July 26, 1918, plaintiff filed this ordinary action against defendant seeking the recovery of a judgment for $500.00 damages as a result of the breach of the latter's warranty in his deed to plaintiff of date June 12, 1911. A demurrer was filed to the petition but overruled with exceptions, and the answer, as amended, was a traverse of all the material allegations of the petition, and affirmatively pleaded an estoppel against plaintiff which was denied by an order controverting it. The cause was submitted to the court without a jury and it found in favor of plaintiff against defendant the sum of $207.00, and after motion for a new trial was overruled judgment was rendered for that amount and defendant appeals.

The rule is that the warrantee, under a general warranty contained in a deed, may not maintain an action thereon against his warrantor until after eviction by paramount title, unless in exceptional cases which it is not necessary to mention here, since the facts do not create any of them. It is likewise the firmly settled rule in this jurisdiction that the warrantee in an action against him for eviction may notify his warrantor of the pendency of such action and call upon the latter to defend, in which case he will be bound by the judgment rendered therein whether he actually defends or not. If, however, no such notice is given the right of the warrantee to maintain an action against him on the warranty is not destroyed, but in that case the *onus* is upon him to prove eviction by a paramount title, whereas if the notice had been given that question would be *res adjudicata* in his favor in the action to recover damages against his warrantor. Some of the many cases from this court in which the above doctrine was announced and applied are: Booker v. Bell, 3 Bibb 173; Cox v. Strode, 4 Bibb 4; Gaither v. Brooks, 1 A. K. M. 409; Davenport v. Muir, 3 J. J. M. 310; Woodward v. Allen, 3 Dana 164; Jones v. Jones, 87 Ky. 82; Elliott v. Saufley, 89 Ky. 52; Graham v. Dyer, 29 S. W. R. (Ky.) 346, 16 Ky. L. R. 541; Burbank v. Burbank, 8 Ky. Opin. 113; Arnold v. Maiden, 10 Ky. Op. 288; Huff v. Cumberland Valley Land Co., 17 Ky. L. R. 213; Grant v. McArthur, 153 Ky. 356; Walker v. Robinson, 163 Ky. 618;

Jones v. Caldwell, 176 Ky. 15, and Wilson v. McGowand, 192 Ky. 565. Many others will be found cited in those opinions. The doctrine of those cases as qualified by the exceptions referred to, none of which is involved here, has been followed by this court without deviation or exception from the time of its creation. In applying it, it is held that the petition in a suit for a breach of the warranty must expressly aver that the eviction was by paramount title and that allegation, if denied, must be proven, unless there is an excusing allegation that defendant in the suit on the warranty was notified of the eviction proceedings and either defended it unsuccessfully or refused to defend it at all, in which event it is unnecessary to either allege or prove that the eviction was by paramount title. In this case, as we have seen, there was no allegation of any eviction by paramount title, nor was there an averment of notice to defendant of the pendency of that suit in avoidance of the omission to allege the eviction by paramount title. It is manifest, therefore, that the demurrer to the petition should have been sustained.

But it may be insisted that in as much as it is disclosed by the record that defendant in this action had actual notice of the pendency of the case of Blackburne v. Burchett and the Clark heirs in which plaintiff claims the eviction complained of was adjudged (if, indeed, that judgment was one of eviction), and that such notice, howsoever acquired, was sufficient to render that judgment binding on him and authorized the application of the above rule. We, however, can not agree with that contention. It will be observed on an examination of the opinions *supra* that they proceed upon the theory of an estoppel of the defendant in the suit based upon the breach of warranty by *res adjudicata*, which is tantamount to saying that the warrantor was a party to that suit by virtue of the required notice to him of its pendency, and it is only upon that ground that the plaintiff is relieved of either alleging or proving his eviction by paramount title. It is a familiar rule that an estoppel by *res adjudicata* operates on no one who is neither a party nor privy to the suit in which the estopping judgment was rendered; and we have yet to discover or learn of any rule or principle of the law whereby one may become a party to a litigation without participation therein from the mere fact that he in some manner, other than from the adverse litigant, obtained in-

formation that there was such a suit pending. His knowledge of such pendency, in order to make the judgment therein binding upon him, should rest in higher and more substantial proof than a mere casual *aliunde* notice of the pendency of the suit which did not emanate from the warrantee, as it appears it did not in this case. The notice in such cases, for all practical purposes, takes the place of judicial process, and it should at least purport to emanate from the one who seeks to benefit by it. Whether it should be in writing the cases dealing with the subject do not agree, but this court in the case of Davenport v. Muir, *supra,* expressly held that a verbal notice by the warrantee to the warrantor accompanied with a demand for the latter to defend the eviction suit would be sufficient. But that is the only case from this court which we have been able to find expressly so holding. In the other cases cited above it does not appear from some of the opinions whether the notice was oral or in writing, but in others of them, as a reference thereto will show, the notice was in writing; and in the Gaither-Brooks case it is broadly intimated that such a requirement was necessary, though the point was not expressly determined. It would seem that in as much as the notice takes the place of judicial process it ought to rest in higher proof than mere parol evidence; but in as much as this court held otherwise in the Davenport case, and it not being necessary for the disposition of the instant one to determine the point, we express no opinion on it.

All the cases and authorities, however, in discussing and dealing with the sufficiency of the notice say that it must be unequivocal, express and certain, and requiring the warrantor to appear and defend the action. Furthermore, that "the notice should in all cases come from the covenantee, or be given under his direction or authority, and should be seasonable." 7 R. C. L. 1199; Morgan v. Haley, 13 L. R. A. (N. S.) 732, 58 S. E. 564, and notes to the L. R. A. volume on page 734. See also note to the case of Andrew v. Dennison, reported in 43 Am. Dec. 565, notes on page 572-3. In the case of Peabody v. Phelps, 9 Cal. 213, approved in Sampson v. Ohleyer, 22 Cal. 200, it was held that "Mere cognizance of the existence of the action is not notice in the legal sense. To be available, the notice must apprize the party whose rights are to be affected, of what is required of him, and the consequences which may follow if he neglect to defend the action." In Collins v. Baker, 6 Mo. App.

588, it was held that "Mere knowledge of the pendency of the suit is insufficient. The warrantor must have distinct and unequivocal notice from the covenantee that he is looked to for aid in the defense." In the Tennessee case of Greenlaw v. Williams, 2 Lea 533, it was held that "Notice to have the effect of depriving the warrantor of the right to show title, should be unequivocal, certain and explicit;" and should give a call to maintain and protect the warranted title. In the case of Miner v. Clark, 15 Wend. 425, the majority opinion held that a parol notice was sufficient, but the opinion said that "We know of none (cases) where it has been decided that notice *aliunde,* or mere knowledge of the suit, incidentally acquired through third parties was sufficient," and Mr. Freeman, in his notes to the Andrews case, says: "In whatever manner the notice is given, it should always be *unequivocal, certain and explicit.* A knowledge of the action and a notice *to attend* the trial will not do, unless it is attended with express notice that he (warrantor) will be required to defend the title." In the Miner-Clark case there was a strong dissenting opinion in which it was held that the notice should be in writing upon the ground that "A verbal notice may be misapprehended by the person to whom it is addressed; and without any intentional error, may be proved in a very different form from that in which it was actually given. It should be in writing, not only for the purpose of avoiding those consequences, but to enable the party to examine it deliberately, and consult his counsel on the proper course to pursue." Mr. Freeman, commenting on that dissenting opinion, says: "This view surely has the merit of being conducive to certainty in a proceeding whose effect is conclusive on a question of title." See also annotatons in 13 Ann. Cases 208. The reasons urged in favor of the notice being in writing are quite persuasive, and were it one of first impression in this court, we would be very much inclined to adopt it.

In this, case, however, it is neither alleged nor intimated in the proof that plaintiff gave any notice to the defendant, either verbal or written, of the pendency of the suit in which he claims to have been evicted, and under the authorities, *supra,* although defendant may have possessed outside knowledge of that fact, it was insufficient to make the judgment binding on him, and the demurrer to the petition should have been sustained, and under the evidence it should have been dismissed.

Of course, if the warrantor waives notice, either by coming into the case and assuming and taking charge of its defense, or by any other conduct amounting to legal waiver, he would be bound by the judgment without prior notice either verbal or in writing. No such waiver appears in this case and upon the entire record we conclude that the judgment was unauthorized. No other question presented and argued is disposed of, but expressly left open.

Wherefore, the motion to grant the appeal is sustained, the judgment is reversed with directions to grant a new trial and for proceedings consistent with this opinion.