May Term,
1858.

BALL *v.* ARMSTRONG.

BALL
v.
ARMSTRONG.

If a person in building obstruct a gutter with building-materials, and thereby cause water to flow into the cellar of another, he is liable in damages. ·

APPEAL from the *Tippecanoe* Court of Common Pleas. Thursday, May 27.

*Per Curiam.* — *Ball* erected a building in *Lafayette.* During the progress of its erection he occupied the street in front of the building with building-materials. He also obstructed the gutter with those materials. While the gutter was thus obstructed there came heavy rains—freshets, and the water, instead of passing off in the gutter, was backed upon the lot, and flowed over into *Armstrong's* cellar, on the adjoing lot, causing injury thereto, and to the articles stored therein. *Armstrong* sued for damages and recovered 40 dollars.

Several objections are raised, of an unimportant character.

The merits of the case are in a nut-shell, as appears by the evidence. *Ball* had no right to obstruct the gutter. He did obstruct the gutter. That obstruction caused the water to flow into *Armstrong's* cellar. The overflow damaged him. *Ball* was liable for that damage.

The amount awarded is not excessive.

The judgment is affirmed with 5 per cent. damages and costs.

*G. S. Orth, G. H. Brackett* and *J. A. Stein,* for the appellant (1).

*S. A. Huff, Z. Baird* and *J. M. La Rue,* for the appellee.

(1) Counsel for the appellant made the following points:

1. In a populous city, the right which the owner of a lot has to improve it, may, and usually does, result in more or less damage to his neighbors; but he is not liable for consequential damages where he exercises proper care and skill. *Radcliff's* executors v. *The Mayor* of *Brooklyn,* 4 Comst. 200, *et seq.* See, also, *Etting* v. *The Bank of the U. S.,* 11 Wheat. 59; *Caldwell* v. *The U. S.,* 8 How. 366.

2. Among the reasons upon which the defendant's motion for a new trial was grounded was, the misconduct of one of the jurors in taking advantage of an adjournment of the Court to inform himself relative to a fact in the case. See *Barlow* v. *The State,* 2 Blackf. 114; *Cowen's* Treat. 899, 900. He had ' also,