.CITY OF PORTLAND *versus* CHARLES RICHARDSON *& al.*

P. recovered judgment against the plaintiffs for damages occasioned by a defect in one of their highways.  The defect complained of was an excavation caused by the defendants, who were duly notified of the pendency of the former suit.  In an action by the plaintiffs against the defendants to recover the amount of such judgment; — *Held,*

1. That the verdict and judgment were conclusive evidence of the existence of the defect, the injury to P. while in the exercise of due care, and the amount of the injury; and

2. That it was incompetent for the defendants to prove that, in making the excavation, they were guilty of no negligence, and that they properly guarded and covered the same, at the time of leaving off work, on the night of the alleged injury.

If a private citizen be guilty of a nuisance in making an excavation in a public highway, he will be responsible for injuries arising therefrom during its continuance.

ON REPORT.

CASE to recover amount paid out by the plaintiffs on a judgment recovered against them by one Partridge.

These defendants were verbally notified of the pendency of the former suit, and were present as witnesses and otherwise aiding at the trial of the former suit.   The excavation was made in the sidewalk on Silver street, in front of the defendants' buildings.

*Drummond,* for the plaintiffs.

*E. & F. Fox,* for the defendants.

APPLETON, C. J.—It is in proof, that one Joseph G. Partridge recovered judgment against the city of Portland for a defect in one of its highways, the defect being an excavation therein made by these defendants without authority—that they were notified of the pendency of said suit and were present at the trial. They are concluded by the judgment, as far as parties are ever concluded, by such notice and judgment.

In the suit against the plaintiffs the jury must have found, that the excavation was a defect, that it was the cause of the injury to Partridge, that it was not properly guarded and covered at the time of the accident, that the plaintiffs had notice of the existence of the defect, and that Partridge was in no fault.

In an action, by the town, against those by whom the excavation was made, after notice, the verdict and judgment are conclusive evidence of the existence of the defect in the highway, the injury to the individual while he was in the exercise of due care, and the amount of the injury. *Milford* v. *Holbrook*, 9 Allen, 17.

The defendants were guilty of a nuisance in making an excavation in a public highway. They were responsible for injuries arising therefrom during its continuance. If left properly guarded and covered, they were bound it should so continue. The responsibility of the excavation, as long as it should exist, was theirs. They were bound at their peril to make and keep the road as safe, at all times, as it would have been without their interference. *Congreve* v. *Smith*, 18 N. Y., 79; *Congreve* v. *Morgan*, 18 N. Y., 84.

The jury have found, that the excavation was a defect and was not properly covered and guarded when the accident occurred. It was the very question submitted to them, and it cannot now be re-tried. The admission, that the excavation was made by the defendants exonerates the plaintiffs from proving that fact. The evidence offered was inadmissible, because it was directly to contradict the facts established by the verdict. *Veazie* v. *Penobscot R. R. Co.*, 49 Maine, 117.

The plaintiffs and defendants are not in *pari delicto*. As was remarked by HOAR, J., in *Milford* v. *Holbrook*, "the only fault or negligence which could be imputed to the town, on the facts shown, was a failure to remedy a nuisance which the defendants had caused. This is no bar to their claim for indemnity. *Lowell* v. *Boston & Lowell R. R. Co.*, 23 Pick., 24; *Lowell* v. *Short*, 4 Cush., 275."

*Defendants defaulted.*

CUTTING, KENT, WALTON, DICKERSON and DANFORTH, JJ., concurred.