WARE (GIRARD v.). See Case No. 5,460.

## Case No. 17,172.

### WARE v. ST. PAUL WATER CO.

[1 Dill. 465;[1] 2 Abb. U. S. 261; 3 Chi. Leg. News, 41; 12 Int. Rev. Rec. 194.]

Circuit Court, D. Minnesota.　Oct., 1870.[2]

DEFECTIVE STREETS—LIABILITY.

1. The author of a dangerous nuisance on the public streets of a city is liable for the damages it occasions, as well as the city corporation.

2. Where a person or corporation is engaged in a work, in the ordinary doing of which a nuisance necessarily occurs, there is a liability on the part of the person or corporation doing the work for injuries resulting from carelessness or negligence, though the work be done by a contractor, and though the contractor be not an unskillful or improper person.

3. Where, in such cases, the work is a lawful undertaking, the jury must be satisfied that the plaintiff was using reasonable care, and that the defendant was negligent.

The plaintiff [Edward B. Ware] was thrown from his buggy and injured, while driving upon

a street, in which the defendant, through a contractor, was blasting, and using a steam drill for making trenches for pipes. He claims that the injury was the result of negligence on the part of the defendant. The issue was tried before a jury.

C. K. Davis, for plaintiff.
Allis, Gilfillan & Williams, for defendant.

NELSON, District Judge (charging jury). This action is brought against the defendant to recover damages for an injury to the plaintiff, on one of the streets of the city of St. Paul, in July last. There is no doubt about the fact of the injury having been suffered by the plaintiff; both bones of his leg below the knee were broken, as was testified to by the attending surgeon. This action is brought upon the principle, which is pretty well settled in this country, at least so far as the federal courts are concerned, that where "a person (company or corporation included) is engaged in a work, in the ordinary doing of which a nuisance necessarily occurs, the person is liable for any injury that may result to third parties from carelessness and negligence, though the work may be done by a contractor." Chicago v. Robbins, 2 Black [67 U. S.] 418; [Robbins v. Chicago] 4 Wall. [71 U. S.] 658, and 9 Am. Law Reg. No. 9. Although the plaintiff might have sustained an action against the city, it is his right to seek his remedy against the party who created the nuisance, and the case is not altered from this fact.

The defendant claims that it cannot be held liable for any negligence of the contractor or his employes, unless it appears that an unskillful or improper person was employed as contractor. While we admit that such a rule of law might apply in some cases, we are of opinion that this case is not of that class. Early in the history of cases of this character it was the settled law that the "owner of land was liable, at all events, for the negligence of employes in doing work, whether there was an intermediate contractor or not. Subsequent decisions restricted the application of this rule until at last it was held by very able and learned judges that the relation of principal and agent, or master and servant, must be established in all cases before any responsibility could be fixed upon the person who authorized the work. The principle, however, upon which this suit is sought to be maintained, soon became an exception to this rule. The plaintiff, however, must satisfy you, if the work was a lawful undertaking, that there was reasonable care and prudence on his part, as well as negligence on the part of the defendant. If the work was not authorized to be done, he would be required to show reasonable care for his personal safety only. The defendant, however, in this case, by its charter, as well as by an ordinance of the city, was authorized to prosecute this work in excavating and laying water-pipes through the streets. It was a public improvement necessary to be done, and though

---

[1] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]
[2] [Affirmed in 16 Wall. (83 U. S.) 566.]

the streets were more or less obstructed in digging trenches and operating steam drills in the rocks underlying the street, still the public must yield the enjoyment of a free and unobstructed passage for such reasonable time as might be required to perfect the work. The defendant cannot relieve itself from the duty of exercising care and diligence for the protection of the public, because the improvement was a necessity. It is said: "Necessity justifies actions that would otherwise be nuisances. Yet unless prudence and care be exercised, they become nuisances, and can be abated." It is no argument against the prosecution of this work that it is a hazardous undertaking, and requires the use of dangerous implements and material in its prosecution. The more hazardous the work, the more dangerous the machine used, the greater became the duty of the defendant to exercise extraordinary precaution.

There was some evidence given which tended to show that the plaintiff, when driving rapidly down the street in which pipe was being laid, suddenly urged his horse with the whip, and turned the corner into a side street, after passing all of the obstructions, and at a time when the steam drill was not in operation, and work was virtually suspended, and in so doing struck the curb, which overturned the buggy and produced the injury. If you believe that such was the fact, and that the injury did not result from the want of care on the part of the defendant, there is an end of the case, and the plaintiff cannot recover. And if, rejecting this theory, you are satisfied that at the time of, and preceding, the injury, the persons engaged in doing the work and having charge thereof, used the care and precaution to prevent injury to others, which ordinarily prudent persons would use under like circumstances, then the plaintiff cannot recover; or, if you are satisfied that the plaintiff did not use all the care to avoid danger or injury, which ordinarily prudent persons would use under like circumstances, and his neglect to use such care contributed to bring the injury on himself, then defendant is entitled to a verdict; or, if you believe that there was culpable negligence on the part of the plaintiff as well as on the part of the defendant, the defendant should have a verdict. But if you believe that the negligence of those doing the work was the cause of the injury, and that the plaintiff was exercising all reasonable care for his personal safety, you will return a verdict against the defendant. These are questions of fact for your determination, and you must decide them according to your best judgment.

If you think the plaintiff is entitled to recover, you will next consider what amount of damages is due him. The following general rule, which, I believe, is settled, will govern your action. The party aggrieved is entitled to recover not only actual expenses, including medical attendance, but also a reasonable compensation for mental and bodily suffering, loss of time, and for any permanent or incurable injury in-

flicted. The damages must be strictly compensatory.

The jury found for the plaintiff.

[A writ of error was subsequently sued out from the supreme court, where the judgment of this court was affirmed. 16 Wall. (83 U. S.) 566.]

NOTE. That the author of nuisance on the streets is directly liable to the person injured, or liable over to the municipal corporation: Milford v. Holbrook, 9 Allen, 17; Wood v. Mears, 12 Ind. 515; Ball v. Armstrong, 10 Ind. 181; Congreve v. Smith, 18 N. Y. 79, 84; Littleton v. Richardson, 32 N. H. 59; Clark v. Fry, 8 Ohio St. 359; Bush v. Johnston, 23 Pa. St. 209. Effect of judgment against city corporation on the liability of the author of nuisance: Littleton v. Richardson, 34 N. H. 179; Chicago v. Robbins, 2 Black [67 U. S.] 418; Milford v. Holbrook, 9 Allen, 17; Portland v. Richardson, 54 Me. 46; Veazie v. Railroad Co., 49 Me. 119.