Catterlin *v.* The City of Frankfort.

## No. 7934.

## CATTERLIN *v.* THE CITY OF FRANKFORT.

CITY.—*Streets and Sidewalks.*—*Damages.*—*Liability of Author of Nuisance to Corporation.*—If a municipal corporation be held liable for damages sustained in consequence of the unsafe condition of the sidewalks or streets, it has a remedy over against the person by whose act or conduct the sidewalk or street was rendered unsafe, unless the corporation was itself a wrong-doer as between itself and the author of the nuisance.

SAME.—*Contributory Negligence.*—*Complaint.*—In such case, there being no allegation that defendant had notice of such action against the city, the complaint of the corporation against the author of the nuisance must allege that the injured person was free from negligence contributing to his injury.

SAME.—*Estoppel.*—*Judgment.*—In such case, the defendant is not estopped by the judgment against the corporation from showing that he was under no obligation to keep the street in a safe condition, and that it was not through his fault that the accident happened.

From the Clinton Circuit Court.

*J. N. Sims,* for appellant.

*O. E. Brumbaugh, W. R. Hines* and *J. Claybaugh,* for appellee.

WORDEN, J.—Amended complaint by the appellee against the appellant, as follows:

"The plaintiff complains of the defendant and says, that prior to the 29th day of June, 1878, the defendant constructed in and upon a certain sidewalk within the town of Frankfort, in Clinton county, Indiana, which sidewalk was and is on the east side of Main street in said town, and extending there along north from Washington street in said town, a certain iron picket fence along and upon the edge of an excavation which said defendant had also dug and constructed; that from the time of said construction said defendant had kept and maintained said picket fence and said excavation in and upon said sidewalk in said town of Frankfort and in the city of Frankfort, Clinton county, Indiana, which was at the time of said construction the town of Frankfort, but now is, and was on said 29th day of June, and has been ever since, the city of Frankfort; that said defendant so erected, constructed

and maintained said picket fence in and upon said sidewalk along the edge of said excavation, wrongfully and without the authority of said town (now city) of Frankfort; that on the said 29th day of June, 1878, in the night time thereof, one John D. Kersey, while passing upon and along said sidewalk, fell upon said picket fence and thereby sustained severe personal and bodily injury; that afterwards, to wit, at the October term, 1878, of the Clinton Circuit Court, the said John D. Kersey entered and instituted suit against the plaintiff, the city of Frankfort, for the damages he had sustained by falling upon said picket fence, and such subsequent proceedings were had in said court in said suit as that, on the ——— judicial day of said term of said court, the said John D. Kersey obtained a judgment in his favor against said city for damages on account of said injury, in the sum of $300, and for the further sum of $41.20 costs; that said city appeared and defended said action by her regularly appointed attorneys and by able and competent attorneys specially employed by her to assist in the defence of said action; that after the rendition of said judgment and before the bringing of this action, to wit, on December 7th, 1878, said city fully paid said judgment for damages and costs in the sum of $341.20; that defendant is indebted to plaintiff on account of, and for the repayment of, said damages and costs in the sum of $341.20, and interest on the same at the rate of six per cent. per annum from the date of the payment of the same by said plaintiff, which amount is wholly due and unpaid. Wherefore," etc.

Demurrer to the complaint for want of sufficient facts overruled, and such further proceedings were had as that judgment was rendered for the plaintiff.

The question is presented, whether the complaint stated facts showing that the plaintiff was entitled to recover.

We quote section 1035, 2 Dill. Munic. Corp., 3d ed., as containing a summary of the law applicable to the case:

"If a *municipal corporation be held liable* for damages sustained in consequence of the unsafe condition of the sidewalks

or streets, *it has a remedy over against the person by whose act or conduct the sidewalk or street was rendered unsafe,* unless the corporation was itself a wrong-doer, as between itself and the author of the nuisance; and if the latter had *notice of the pendency of the action against the municipality,* and could have defended it, he has been held to be concluded as to the existence of the defect or nuisance in the street, and as to the liability of the corporation to the plaintiff in consequence thereof, and as to the amount of damages or injury it occasioned. But although duly notified, he is not, says the Supreme Court of the United States, ' estopped from showing that he was under no obligation to keep the street in a safe condition, and that it was not through his fault that the accident happened.' "

As there is no allegation in the complaint that the defendant had notice of the action of Kersey against the city, and an opportunity of defending it, his liability is not shown to be established by the judgment.

In such case, in order to make the complaint good, it should at least show such a state of facts as would have made the defendant liable to Kersey, had the latter brought his action against the defendant instead of the city. This the complaint does not do. It does not allege in any manner that Kersey was free from negligence contributing to his injury. For this reason the complaint was insufficient.

The judgment below is reversed, with costs, and the cause remanded for further proceedings in accordance with this opinion.