### Edinger & Company v. Southwestern Surety Insurance Company.

(Decided December 3, 1918.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1.  Judgment—When Binding as to Persons Not Party—Indemnity Insurance Company—Liability of.—E. had insurance in an indemnity company protecting him against damage on account of injuries inflicted by his horses, unless they were wild or vicious. In a suit by H. against E. to recover damages for injuries inflicted by one of E.'s horses, there was a judgment against E. on the ground that the horse that injured H. was wild and vicious.

This judgment barred E. from recovering from the indemnity company the amount of damages that H. recovered against him, as the indemnity company had notice of the suit of H.

2. Judgment—Persons Bound Although Not Parties to Suit—Effect of Notice of Suit.—When a person is responsible to another and is notified of the pendency of a suit and requested to defend it, a judgment, if obtained without fraud or collusion, will be conclusive against him as to every fact established by it, whether he has appeared or not.

3. Judgment—Against Insured—When Binding on Indemnity Company and Insured.—Where an insured was sued for damages and called on his indemnity company to defend the suit, which it refused to do, a judgment against him will be conclusively binding on the indemnity company to the extent that it can not open up or relitigate the facts upon which the judgment was founded. And so when the judgment shows that the indemnity company is not liable, the insured will be barred from recovering from it in an action on the judgment.

4. Judgment—Conclusiveness of—As to Existence of Facts on Which it is Based.—A judgment is conclusive of the existence of every material fact appearing in the case in which it was rendered that is necessary to uphold it. Where a judgment is conclusive between the parties or persons who occupy the attitude of parties it will be equally conclusive between them as to the existence of the essential facts set forth in the pleadings developed in the evidence and submitted to the jury in the instructions.

O'NEAL & O'NEAL for appellant.

HELM & HELM for appellee.

OPINION OF THE COURT BY JUDGE CARROLL —Affirming.

Edinger & Company had a policy of insurance in the Southwestern Surety Insurance Company indemnifying it against loss and expense arising from claims upon it for damages on account of bodily injury accidentally suffered by any person during the period of the policy that was caused by horses or vehicles in the service of Edinger & Company. The policy, however, contained a clause exempting it from liability for injury and resulting damage caued by vicious horses that might be used by Edinger & Company.

While this policy was in force G. T. Humphrey, while shoeing a mule belonging to Edinger & Company, was knocked down and injured by the mule. To recover damages for the injury so sustained Humphrey brought a suit against Edinger & Company, and thereupon Edinger & Company gave notice to the insurance company to

take charge of and defend the suit, but it refused to have anything to do with it upon the ground that the mule that injured Humphrey was a vicious mule and therefore it was, by the terms of its policy, exempt from all liability on account of the injury inflicted by the mule. Upon the refusal of the insurance company to take charge of or defend the suit Edinger & Company employed counsel and defended it, the result being that there was a verdict and judgment in favor of Humphrey for five hundred dollars.

Thereafter Edinger & Company brought this suit against the insurance company to recover the amount of the judgment and costs, and also the attorney's fee Edinger & Company were required to pay attorneys for representing them in the Humphrey suit.

In the trial of the Humphrey suit the trial judge instructed the jury that they could not find for Humphrey "unless they believed that the mule that injured him was a wild and vicious mule and that he did not know this fact, but Edinger & Company did." They were further instructed "that if they believed the mule was not wild and vicious, they should find for Edinger & Company."

In the suit against it by Edinger & Company the insurance company pleaded that the judgment in the case of Humphrey against Edinger & Company was a conclusive adjudication of the fact that the mule that injured Humphrey was a wild and vicious animal, and therefore by the very terms of its policy contract it was excused from liability to Edinger & Company. The trial court also took this view of the matter and peremptorily instructed the jury to find a verdict in favor of the insurance company.

It will thus be seen that the principal, and indeed the only, question in the case we have is—Was the judgment in the suit of Humphrey against Edinger & Company so conclusively binding on Edinger & Company as to preclude them from successfully maintaining an action against the insurance company on its policy contract? Or, to put it in other words—Was the verdict of the jury in the Humphrey case, and the judgment thereon, such an adjudication of the fact that the mule in question was a wild and vicious animal as to relieve the insurance company from liability on its policy contract, although it was not a party to the suit between Humphrey and Edinger & Company?

It is contended on behalf of the insurance company that as there was a judgment against Edinger & Company based on a state of facts that showed the mule in question to be a wild and vicious animal, of which suit the insurance company had notice, although it failed and refused to take any part in it, Edinger & Company were bound by the facts established in the Humphrey case as shown by the judgment, and therefore they could have no cause of action on the judgment against the insurance company. On the other hand the argument in behalf of Edinger & Company is, that the question whether the risk involved was covered by the insurance policy was not litigated in the suit between Humphrey and Edinger & Company, and therefore Edinger & Company have never had an opportunity to try out this question with the insurance company, and therefore the judgment in the Humphrey suit, on the facts on which it was based, should not be construed to conclusively bar Edinger & Company from the right to litigate with the insurance company in an independent suit against it the question whether the policy contract covered the loss Edinger & Company suffered by reason of the judgment of Humphrey against them.

We have been furnished by counsel representing both parties to this appeal with well considered briefs in which are collected a number of authorities that it is claimed support their respective contentions, although it should be said that none of them are directly in point in the sense that they involved questions arising on insurance contracts.

Keeping in mind the conceded and controlling fact that Humphrey was enabled to secure a judgment against Edinger & Company only because the evidence established that the mule by which he was injured was a wild and vicious animal, and the further admitted and controlling fact that this judgment is the only basis on which Edinger & Company can or do rest their right of recovery against the insurance company, it would appear that the very ground upon which their cause of action is rested conclusively shows that the policy contract did not indemnify Edinger & Company against the loss they sustained on account of the injury to Humphrey, and this being so, it would seem necessarily to follow that the claim of Edinger & Company against the insurance com-

pany had no foundation on which to rest, and therefore the ruling of the trial court was correct.

There would seem to be no escape from this conclusion if the insurance company should be treated, as it must be, as 'a party to the suit of Humphrey against Edinger & Company to the same extent as if it had been a party of record or had undertaken, as it had the right under its contract to do, the control and defense of the suit for Edinger & Company. The policy contract gave the insurance company the right to take charge of the defense for Edinger & Company, and when it was notified by them of the pendency of the action against it and called on to defend the same, it was thereby put in the attitude of a party to the suit and was as much bound by the judgment as if it had been in fact a party of record. This well established principle was set down by the New Hampshire court in the early case of Littleton v. Richardson, 34 N. H. 179, 66 Amer. Dec. 759, and has been followed by a number of courts, including this, as may be seen by a reference to Washington Gas-light Company v. District of Columbia, 161 U. S. 316, 40 Law Ed. 712; City of Portland v. Richardson, 54 Me. 46, 89 Amer. Dec. 720; Westfield v. Mayo, 122 Mass. 100, 23 Amer. Rep. 292; Catterlin v. City of Frankfort, 79 Ind. 547, 41 Amer. Rep. 627; Board of Councilmen City of Harrodsburg v. Vanarsdall, 148 Ky. 507; Woodward v. Allen, 3 Dana 164; Elliott v. Saufley, 89 Ky. 52; Walker v. Robinson, 163 Ky. 618. In the Littleton case the New Hampshire court said: "When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared or not, of every fact established by it." So that if Humphrey had recovered a judgment against Edinger & Company on account of injuries that were covered by the policy contract, the judgment would have been conclusively binding on the insurance company to such an extent that in a suit on the policy contract against it by Edinger & Com-

pany, it could not have opened up or re-litigated the facts upon which the judgment was founded. Now if a judgment based on facts that brought the injury within the scope of the policy contract would conclusively establish the liability of the insurance company to Edinger & Company, it would seem to necessarily and logically follow that a judgment founded on a state of facts not covered by the policy would excuse the company from liability in a suit brought by Edinger & Company on the judgment.

If the judgment in one state of facts will be conclusively binding on the insurance company on the theory that it established its liability, we perceive no reason why the judgment on another state of facts that excused it from liability would not be conclusively binding on Edinger & Company. The judgment cannot be separated from the facts on which it was based. In other words, a judgment is conclusive of the existence of every material fact appearing in the case in which it was rendered that is necessary to uphold it. Therefore, when a judgment is conclusive between parties to the suit, or persons who occupy the attitude of parties, it will be equally conclusive between them as to the existence of the essential facts set forth in the pleadings, developed in the evidence, and submitted to the jury in the instructions, because it is only by reason of the existence of these facts that the judgment was obtained. Accordingly the judgment in the suit of Humphrey against Edinger & Company was conclusive of the fact that the mule that injured Humphrey was a wild and dangerous animal, because this was a material issue in the case made by the pleadings, evidence and instructions.

We are therefore of the opinion that the judgment should be affirmed, and it is so ordered.