MARYLAND CASUALTY COMPANY OF BALTIMORE *v.* STURGIS.

4-5524                                129 S. W. 2d 599

Opinion delivered June 12, 1939.

S. *Hubert Mayes*, for appellant.

L. B. *Smead*, for appellee.

MCHANEY, J. Sometime in 1937, Henry Knickerbocker brought suit in the Cleveland circuit court against Roy Sturgis, doing business as Roy Sturgis Lumber Company, hereinafter called appellee, to recover damages for personal injuries sustained by him on March 9, 1937, while in the employ of appellee, through the negligence of one L. F. Griffin, a vice-principal of ap-

pellee and Harry Knickerbocker, a servant of appellee. An answer was filed denying all the material allegations of the complaint, and specifically that the plaintiff was not in appellee's employ, but that he was an independent contractor. Assumption of risk and contributory negligence were also pleaded in defense. Trial to a jury on January 5, 1938, resulted in a verdict and judgment against appellee for $550.

At the time of the injury to said Knickerbocker and thereafter appellee held a policy of liability insurance issued by appellant insuring him "against loss from liability imposed by law upon the assured for damages (direct or consequential) on account of bodily injuries, including death resulting therefrom, accidentally suffered or alleged to have been suffered by any person or persons other than the direct employees of the assured . . . ." Said policy also provided that appellant would defend any such action in the name of the assured. In paragraph VI it is provided: "This policy does not cover: . . . (2) any accident to any direct employee of the assured; (3) any accident caused directly or indirectly by any direct employee of the assured . . . ."

On July 20, 1938, appellee brought this action in the Ouachita circuit court against appellant to recover the amount of the aforesaid judgment, $550 plus $25 court costs and $225 attorney's fee paid by him, or a total of $800. In his original complaint against appellant, appellee alleged, "that on the 9th day of March, 1937, Henry Knickerbocker was an employee of the insured." But in his "second amended and substituted complaint" he alleged that said Knickerbocker was employed "as a contractor of the assured" and "that the said Henry Knickerbocker was not an employee of the plaintiff herein at the time of the injury."

To the original complaint there was filed by appellant a plea of *res adjudicata* to which was attached as exhibits certified copies of the complaint, the answer and the judgment in connection with the action in the Cleveland circuit court in which Henry Knickerbocker was plaintiff and appellee was defendant. This plea

was overruled. To the amended and substituted complaint herein appellant filed its supplemental plea of *res adjudicata,* preserving its exceptions to the former action of the court. In the first plea it was alleged that the provisions of the policy do not cover direct employees and that in the suit by Knickerbocker against appellee, he alleged he was an employee which was denied by the answer, and "that the issue of the relationship of said Henry Knickerbocker and Roy Sturgis Lumber Company having been definitely adjudicated and concluded by the judgment in the case in the Cleveland circuit court, the plaintiff herein has no cause of action against the defendant on the policy sued on" and should be discharged. In the supplemental plea it was set up that, in the Knickerbocker complaint filed in the Cleveland circuit court, "it is alleged that Harry Knickerbocker and L. F. Griffin were employees of the Roy Sturgis Lumber Company and that through their negligence the said Roy Sturgis Lumber Company was liable for failure to perform certain duties required under law by an employer to his employees;" that the answer denied this negligence and it became an issue which was determined and concluded by that judgment; and that under the policy sued on there is no liability for injuries caused directly or indirectly by direct employees of the assured. This supplemental plea was likewise overruled. An answer was filed denying all material allegations of the complaint and asserting the grounds of the pleas as a further defense. Trial resulted in a verdict and judgment for $800, hence this appeal.

It is undisputed in this record that appellant was notified of the suit in the Cleveland circuit court and that it undertook its defense. It filed a demurrer to the complaint and then decided its policy did not cover the alleged injury and withdrew from the defense. Whereupon, appellee employed an attorney and defended the action with the result heretofore stated.

We think the court erred in not sustaining either or both pleas of *res adjudicata.* Two issues were joined in the suit in the Cleveland circuit court. One was

whether Henry Knickerbocker was an employee of appellee or an independent contractor. The other was whether his accident was the result of the negligence of Harry Knickerbocker and L. F. Griffin, admitted direct employees of appellee. There could have been no recovery in the Cleveland circuit court if Henry Knickerbocker had been found to be an independent contractor. Knickerbocker asserted that he was an employee, a servant, and the jury so found. It also found by its verdict that he was injured by reason of the negligence of Harry Knickerbocker and L. F. Griffin, or one of them. Otherwise there could have been no judgment against appellee. In either case there was no liability of appellant under the express terms of the policy.

The question that has given us most concern is, can appellant, not a nominal party to the action in the Cleveland circuit court, plead in this action the former judgment and record of said court? We think it may do so, and that its pleas to this end are sufficient and timely. It has frequently been held by this court that "a judgment of a court of competent jurisdiction upon matters in issue in a former proceeding or which might have been determined in that suit is conclusive between the same parties or their privies in a subsequent suit." Headnote to *Blackwell Oil & Gas Co.* v. *Maddux,* 182 Ark. 1152, 34 S. W. 2d 450. Numerous cases might be cited to the same effect. In fact, appellee concedes this to be the law, but says appellant was neither a party nor privy to a party to the action, and cannot, on this account invoke the plea. We cannot agree with appellee in this contention. We do not find a case in this court directly in point, nor has the diligence of counsel been productive in this regard. But there are well reasoned cases from other jurisdictions, cited by appellant, which support its contention. Such a case is *Edinger & Co.* v. *Southwestern Surety Ins. Co.,* 182 Ky. 340, 206 S. W. 465. In that case, to quote a headnote in the S. W., it was held: "Where indemnity policy exempted liability for injury from vicious animals, an injured blacksmith recovered judgment against the insured for kick from mule, upon the finding

that the mule was vicious, the judgment was *res judicata* as between the insured and the insurer; the insurer having been made a party by the service of notice of the action, though it refused to participate in the trial."

In that case Edinger & Co., had a policy, but which exempted it from liability for injury and resulting damage caused by vicious horses. Humphrey, a blacksmith, was kicked and injured while shoeing a mule for Edinger & Co. He sued to recover damages, alleging that the mule was vicious. Edinger & Co. denied that the mule was vicious. Trial resulted in a judgment against Edinger & Co. It then sued its insurer who defended on the ground that the judgment in favor of Humphrey was a conclusive adjudication of the fact that the mule was vicious and that by the terms of its contract with Edinger & Co., it was excused from liability to it. The trial court took that view and instructed a verdict for the insurance company. In affirming the judgment, the Kentucky court stated the question for decision as follows: "Was the verdict of the jury in the Humphrey case, and the judgment thereon, such an adjudication of the fact that the mule in question was a wild and vicious animal as to relieve the insurance company from liability on its policy contract, although it was not a party to the suit between Humphrey and Edinger & Co?" In answering the question in the affirmative, the court said: "There would seem to be no escape from this conclusion if the insurance company should be treated, as it must be, as a party to the suit of Humphrey against Edinger & Co., to the same extent as if it had been a party of record, or had undertaken, as it had the right under its contract to do, the control and defense of the suit for Edinger & Co. The policy contract gave the insurance company the right to take charge of the defense for Edinger & Co., and when it was notified by them of the pendency of the action against it, and called on to defend the same, it was thereby put in the attitude of a party to the suit, and was as much bound by the judgment as if it had been in fact a party of record. This well-established principle was set down by the New Hampshire court in the early

case of *Littleton* v. *Richardson,* 34 N. H. 179, 66 Am. Dec. 759, and has been followed by a number of courts, including this, as may be seen by a reference to *Washington Gaslight Co.* v. *District of Columbia,* 161 U. S. 316, 16 Sup. Ct. 564, 40 L. Ed. 712; *City of Portland* v. *Richardson,* 54 Me. 46, 89 Am. Dec. 720; *Westfield* v. *Mayo,* 122 Mass. 100, 23 Am. Rep. 292; *Catterlin* v. *City of Frankfort,* 79 Ind. 547, 41 Am. Rep. 627; *Board of Councilmen of City of Harrodsburg* v. *Vanarsdall,* 148 Ky. 507, 147 S. W. 1; *Woodward* v. *Allen,* 3 Dana, 164; *Elloitt* v. *Saufley,* 89 Ky. 52, 11 S. W. 200, 10 Ky. Law Rep. 958; *Walker* v. *Robinson,* 163 Ky. 618, 174 S. W. 503.''

In *Littleton* v. *Richardson, supra,* the court said: ''When a person is responsible over to another, either by operation of law or by express contract, and he is duly notified of the pendency of the suit, and requested to take upon him the defense of it, he is no longer regarded as a stranger, because he has the right to appear and defend the action, and has the same means and advantages of controverting the claim as if he was the real and nominal party upon the record. In every such case, if due notice is given to such person, the judgment, if obtained without fraud or collusion, will be conclusive against him, whether he has appeared, or not, of every fact established by it.''

So it would appear to follow necessarily that if Knickerbocker had recovered a judgment against appellee for injuries covered by the policy contract, such judgment would have been conclusively binding on appellant to such an extent, that it could not, in this action, have opened up or relitigated the facts on which such judgment was based. The converse of the proposition must also be true, that, a judgment based on facts not covered by the policy would excuse appellant from liability in appellee's suit on such judgment. In such cases the courts generally treat the insurer with notice of the suit as a party or privy to the action. When so considered our cases on *res adjudicata* apply. In line with the holding in the Edinger & Co., case *supra,* see *State* v. *Fidelity & Cas. Co. of N. Y.,* 156 Md. 684, 145 Atl. 182, 23 Cyc. 1273.

580

Whether appellant may have estopped itself from insisting that its policy did not cover the injury to Knickerbocker by its undertaking the defense of the action in the Cleveland circuit court, as above stated, is not here considered, as the question was not raised below nor here.

We, therefore, conclude that the pleas should have been sustained. The judgment is reversed and the cause dismissed.