BLOSS, Respondent, vs. RURAL MUTUAL CASUALTY INSURANCE COMPANY OF WISCONSIN, Appellant.*

*May 2—June 1, 1955.*

* Motion for rehearing denied, with $25 costs, on September 13, 1955.

For the appellant there were briefs by *Hammond & Hammond* of Kenosha, and oral argument by *Walter W. Hammond*.

For the respondent there was a brief by *Cavanagh, Mittelstaed, Sheldon & Heide* of Kenosha, and oral argument by *William A. Sheldon*.

FAIRCHILD, C. J.   The proceedings brought here on appeal show that in a previous action by Herman C. Maus, against Arthur Bloss, Maus, an employee of Bloss, who was injured during his employment, set out two causes of action in which he claimed the liability of Bloss.  The first cause of action alleged that Bloss, as a mink farmer, violated the safe-place statute, which was at that time applicable to the business of raising mink, and that such violation was the cause of the injury to Maus.  The second cause of action alleged that Bloss, as a common farmer, was guilty of common-law negligence.  The answer of Bloss denied liability and alleged assumption of risk on the part of Maus as the employee of a general farmer.  The judgment dismissed the second cause of action, which, based on common-law negli-

gence, would have resulted in nonrecovery by the employee under the doctrine of assumption of risk by a general farm employee. In the first cause of action, the trial court classified Bloss as a mink-farm operator and accordingly awarded damages to the employee Maus on the ground that Bloss had violated the safe-place statute. The case was appealed. This court in *Maus v. Bloss,* 265 Wis. 627, 62 N. W. (2d) 708, affirmed the judgment of the trial court, holding that Bloss was a mink farmer and therefore liable under the safe-place statute for the injury suffered by Maus.

In the present case, the respondent Bloss seeks a judgment compelling appellant and insurer of Bloss, the Rural Mutual Casualty Insurance Company, to protect him against the liability he (Bloss) sustained in the afore-mentioned action. The trial court found the insurer liable upon its policy and entered judgment in favor of the respondent Bloss and against the appellant Rural Mutual Casualty Insurance Company.

The policy issued to Mr. Bloss contains the following material provisions:

The policy is designated "Farm Protector Policy." Paragraph A reveals insurance coverage for bodily injuries and property damage, and for employer's liability. Item 8 provides:

"No business or occupational pursuits, other than farming, are conducted on or from the premises or any part thereof, . . ."

The exception to Items 8, 9, and 10,—a typewritten addition to the printed form—is stated as follows: "None, Ex. No. 8—Mink Farm."

Under "Coverage A—Liability" of the insuring agreement, the Insurance Company agreed to the following:

"To pay on behalf of the insured all sums which the insured shall become obligated to pay by reason of the liability

imposed upon him by law, or the liability of others assumed by him under written contract relating to the premises,"

and under division (2) of coverage A "(Employer's Liability)," the insurer agreed to pay—

"for damages, including damages for care and loss of services, because of bodily injury, sickness or disease, including death at any time resulting therefrom, sustained by any farm employee while engaged as such in the employment of the insured."

It is to be noted, however, that the "insured" referred to in the policy is Mr. Bloss as a general farmer and not Mr. Bloss as a mink farmer. The entire policy applies to protection of a general farmer. This view is further supported by the clauses of the policy which appear under "Exclusions." There it is stipulated that:

"(a) under coverages A and B, to (1) activities of an insured other than farming operations, unless the insured resides on the premises, and in no event to any business pursuits of an insured, other than farming operations; (2) the rendering of any professional service or the omission thereof; (3) any act or omission in connection with premises, other than as defined, which are owned, rented, or controlled by an insured, etc. . . . .

"(h) under division (2) of coverage A, to bodily injury to or sickness, disease, or death of any farm employee who is not in fact at the time of the occurrence performing duties usually performed by farm employees or domestic servants;"

The trial court stated in his opinion that there was no occasion for and the respondent was not seeking a reformation of the instrument; and, further, that the contention of respondent that the word "mink" should be included in every place in the policy immediately before the word "farm" and the words "farm employee" could not be sustained. He concluded that "It therefore seems to the court that the question of coverage as to the liability adjudicated in the case

of *Maus v. Bloss* [*supra*] must be determined from the terms, conditions, and exclusions of the policy."

The trial court then goes on to say that at the time of the accident "Maus was not performing any service as above indicated peculiar to mink farming and he was performing a service such as is customarily performed by farm employees in what is recognized as ordinary farm operations." That is to say, that the accident occurred while Maus was a general farm employee of Bloss as a general farmer. If that is so, then in the former action Maus' only cause of action was on the ground of common-law negligence, which action was dismissed by the trial court at the same time that it allowed Maus to recover under the safe-place statute, which governed Bloss only as a mink farmer.

In allowing the employee to recover in the former action under the safe-place statute, the trial court necessarily classified Bloss as a mink farmer for the purposes of that case. He stated that Maus' "contributory negligence was as a matter of law as great as that of defendant and that therefore the action for common-law negligence must be dismissed." In that case, *Maus v. Bloss, supra,* we agreed with the trial court that for the comparison of negligence there should be applied in a safe-place case a test different from that to be applied in a common-law negligence case, because the statute imposes a higher duty on the employer under those circumstances than does the law respecting common-law negligence. *Mullen v. Larson-Morgan Co.* 212 Wis. 52, 249 N. W. 67; *Delaney v. Supreme Investment Co.* 251 Wis. 374, 29 N. W. (2d) 754; *Saxhaug v. Forsyth Leather Co.* 252 Wis. 376, 31 N. W. (2d) 589.

By dismissing the cause of action for common-law negligence in the former case, the trial court deprived Bloss of his defense of assumption of risk. He then was compelled to pay damages for an injury on the ground that he had violated the safe-place statute, and for such a liability he had

no protection by his policy with the Rural Mutual Casualty Insurance Company, appellant here. Although the policy did not, as the trial court said, expressly exclude protection under the safe-place statute, it effectively did so by excluding coverage of Bloss in his mink-raising activities. If, as the lower court now maintains, Maus was injured while carrying on his duties as a general farm employee, Bloss could have pleaded assumption of risk, and if there had resulted a sustainable claim against him, he then would have been protected by his insurance policy. Such protection having been denied him by the dismissal of the common-law negligence action, he is precluded from recovering under his policy the amount paid Maus on the ground that as a mink farmer he violated the safe-place statute.

When one has been compelled to pay to another damages arising out of an occurrence against which he has not been insured, he cannot shift the responsibility to one who has not assumed it. An agreement which is definite and certain fixes the terms to be complied with by the parties entering into the agreement. It is evident that courts can neither alter agreements nor award substantial damages for the breach of a contract which is not wanting in certainty. When the terms and conditions are sufficiently definite, the court must determine therefrom the rights of the parties. *Maryland Casualty Co. v. Sturgis,* 198 Ark. 574, 129 S. W. (2d) 599, 123 A. L. R. 704; *American Candy Co. v. Aetna Life Ins. Co.* 164 Wis. 266, 159 N. W. 917; *Builders Supply Co. v. McCabe,* 366 Pa. 322, 77 Atl. (2d) 368, 24 A. L. R. (2d) 319.

The suggestion that the scope of ordinary farming has by definition been widened by the enactment of the 1953 amendment of sec. 29.579, Stats., so that persons engaged in the raising of foxes, mink, etc., are now deemed to be engaged in an agricultural pursuit and are farmers engaged in farming for all statutory purposes, cannot be of service to the respondent in this instance. The accident occurred June 25, 1952, and the term of the policy in force on that date was from

September 20, 1951, to September 20, 1952. Of course, it will be conceded that the legislature cannot modify the terms of a contract by subsequent legislation.

*By the Court.*—Judgment reversed, and cause remanded with directions to set aside the judgment and dismiss the complaint.